## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-KA-01047-SCT

*RUSTY EDWARD NETHERLAND*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2004 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. DANIEL HINCHCLIFF |
| DISTRICT ATTORNEY: | MARK DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/02/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1.    Rusty Edward Netherland was indicted by a Leake County Grand Jury for the aggravated assault of William Stevens by striking and kicking Stevens manifesting extreme indifference to human life on or about March 24, 2004, in violation of Miss. Code Ann. § 97-3-7(2)(a).  Netherland was tried by a jury and found guilty.  Netherland was sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections. The sentence was to run consecutively to the sentence that Netherland was currently serving.

Netherland filed a motion for new trial which was overruled by the trial court. Netherland appeals to this Court in forma pauperis raising the following issues: (1) whether the trial court erred in sustaining the State's objection to Netherland's closing argument and (2) whether the State proved the elements of the crime charged.[1]

### FACTS

¶2. The indictment charged that on March 24, 2004, together with Brandon Dewayne Chamblee and Christopher Scott King, Netherland unlawfully, feloniously and purposefully caused bodily injury to Stevens by striking and kicking him, manifesting extreme indifference for human life. Stevens testified that on March 24, 2004, he was an inmate at the Leake County Correctional Facility awaiting court. On that date, Netherland, Chamblee and King "jumped on" him. Stevens identified Netherland for the record.

¶3. Stevens testified that they beat and kicked him because they said he was "snitching" on them. Stevens testified that he suffered two broken ribs, a broken shoulder, a broken hip and internal bleeding. He stated that as a result of the broken hip he had to use a wheelchair. The hip and the shoulder required surgery to insert a rod and pins. The State introduced photographs depicting the injuries Stevens received. On cross-examination, Stevens testified that he did not see Netherland kick him. However, he testified that he saw

---

[1] Netherland argues that the State did not prove the elements of the crime, thereby challenging the sufficiency of the evidence. However, the issue was styled as "the Court erred in denying the motion for directed verdict, the request for peremptory instruction, and *motion for a new trial and other relief*." (emphasis added). Netherland concludes that the verdict should be reformed to convict on the lesser-included offense of simple assault. Therefore, Netherland does not actually make an argument for a new trial, but he challenges the sufficiency of the evidence.

Netherland hit him. Stevens testified that Netherland had subsequently apologized to him for the incident.

¶4. Chamblee testified that he had pled guilty to aggravated assault for his involvement in beating and kicking Stevens. Chamblee was an inmate at the Leake County Correctional Center at the time of the attack on Stevens. Chamblee testified that Netherland and King were involved. They had heard that Stevens had told officials that they were smoking drugs in the facility. Chamblee stated that he saw Netherland hit Stevens, but he did not see Netherland kick Stevens.

¶5. King also testified that he had pled guilty for the aggravated assault of Stevens. He stated that Netherland and Chamblee were involved. He testified that all three hit Stevens with their fists. He stated that he kicked Stevens and saw Chamblee kick Stevens. He testified that it was a possibility that Netherland kicked Stevens. The three of them confronted Stevens that day because he went to the guards and told them that they were smoking dope in the county jail.

¶6. Mark Wilcher testified that he was a criminal investigator with the Leake County Sheriff's Office. Officer Wilcher stated that on March 24, 2004, he took a statement from Netherland in his investigation of the assault of Stevens. The trial court outside the presence of the jury heard Officer Wilcher's and Netherland's testimony regarding the statement. The trial court determined that the proper *Miranda* rights were given and Netherland had knowingly, intelligently and voluntarily waived his rights and made a voluntary statement. Officer Wilcher testified that Netherland was given the opportunity to make any additions

3

or corrections to the statement. Netherland added that "[a]ll three of us were kicking and hitting William then." Netherland initialed before and after the sentence. Netherland signed the statement written by Officer Wilcher. The statement was admitted.

¶7. The State rested after Officer Wilcher testified. At the close of the State's case-in-chief, the defense made its motion for directed verdict. The trial court denied the motion finding that the State had met its burden of proof. Following a conference with his client, the defense rested without calling any witnesses.

## DISCUSSION

### I. Closing Argument

¶8. In *Slaughter v. State*, 815 So.2d 1122, 1132 (Miss. 2002), this Court stated:

> This Court has held that attorneys are allowed wide latitude in closing arguments. *Holly v. State*, 716 So.2d 979, 988 (Miss. 1998); *Wilcher v. State*, 697 So.2d 1087, 1010 (Miss. 1997). In addition, the "court should also be very careful in limiting free play of ideas, imagery, and personalities of counsel in their argument to [a] jury." *Ahmad v. State*, 603 So.2d 843, 846 (Miss. 1992). Any alleged improper comment must be viewed in context, taking the circumstances of the case into consideration. *Id.*

¶9. This Court has held that a trial judge is in the best position to determine if an alleged objectionable remark has a prejudicial effect. *Roundtree v. State*, 568 So.2d 1173, 1178 (Miss. 1990). The trial judge is provided considerable discretion. *Id*. This Court has held that closing arguments are not limited to only the facts, but also, allow deductions and conclusions which may be drawn therefrom and the application of the law to those facts. *Holly v. State*, 716 So.2d 979, 988 (Miss. 1998). In *Monk v. State*, 532 So.2d 592, 601 (Miss. 1988), this Court stated:

4

> The right to argument contemplates liberal freedom of speech and range of discussion confined only to bounds of logic and reason; and if counsel's argument is within limits of proper debate, it is immaterial whether it is sound or unsound or whether he employs wit, invective, and illustration therein.... There are, however, certain well established limits beyond which counsel is forbidden to go. *He must confine himself to the facts introduced in evidence and to the fair and reasonable deduction and conclusions to be drawn therefrom and to the application of the law, as given by the court, to the facts*.

(emphasis added).

¶10. During closing argument by the defense, the following exchange transpired:

> Defense: Now, you were also instructed on simple assault. Simple assault says that purposely, knowingly, or recklessly causing bodily injury to another is simple assault. We submit to you that that's [sic] all Rusty Netherland did.
>
> Rusty Netherland didn't direct anyone to go up there and hit him and kick him and body slam him on that hard concrete floor. We all, you know, our hearts go out to Mr. Stevens. He didn't deserve that, and Rusty Netherland even went and apologized for even being there, even, you know, taking a swing at him.
> But the punishment has to fit the crime in this case, and we submit –
>
> State: Your, Honor, we object. The jury doesn't decide punishment.
> The Court: Sustained.

Nothing further transpired on the record regarding the sustained objection.

¶11. On appeal, Netherland argues that the verdict must be overturned as a result of the trial court sustaining the State's objection. Netherland contends that he was not trying to mislead jurors into thinking that they set punishment. He alleges that he was only trying to have the jury consider simple assault as an option to aggravated assault.

¶12. The State argues on appeal that this Court has "consistently disapproved of arguments which refer to the potential sentence in a given case." *Marks v. State*, 532 So.2d 976, 983

5

(Miss. 1998). *See **Manning v. State***, 835 So.2d 94, 101 (Miss. Ct. App. 2002) ("a closing argument that discusses the possible penalty a defendant can receive is improper."). Such arguments "invite the jury to convict with regard to the punishment, not with regard to the evidence before them, and the jury should have no concern with the quantum of punishment to be imposed." ***Marks***, 532 So.2d at 983.

¶13. On close, the defense counsel argued to the jury that he believed Netherland had committed simple assault rather than aggravated assault. The jury was given jury instruction D-7 regarding simple assault. The State objected, and the trial court sustained the objection only when the defense began to discuss punishment. We find that the trial court did not abuse its discretion in sustaining the objection. We find that this assignment of error is without merit.

## II.    Sufficiency of the Evidence

¶14. Netherland was convicted of aggravated assault under Miss. Code Ann. § 97-3-7(2) which sets forth the elements of aggravated assault:

> A person is guilty of aggravated assault if he *(*a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life...

¶15. On the issue of the legal sufficiency of the evidence, this Court held in ***Pinkney v. State,*** 538 So.2d 329, 353 (Miss. 1988), *vacated on other grounds*, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990), that reversal can only occur when evidence of one or more of the elements of the charged offense is such that "reasonable and fair minded jurors could only find the accused not guilty." (quoting ***Wetz v. State,*** 503 So.2d 803, 808 (Miss. 1987)).

6

¶16. Denials of peremptory instructions, motions for directed verdict and motions for judgment notwithstanding the verdict each challenge the legal sufficiency of the evidence presented at trial and each are reviewed under the same standard. *Community Bank v. Courtney,* 884 So. 2d 767, 772 (Miss. 2004). This Court has held that under its standard of review, denial must be reviewed as follows:

> This Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered points so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.

*Id.*

¶17. "[T]his Court properly reviews the ruling on the last occasion the challenge was made in the trial court." *McClain v. State,* 625 So.2d 774, 778 (Miss. 1993). Here, Netherland filed a motion for new trial which the trial court denied. However, a motion for new trial challenges the weight of the evidence. *Sheffield v. State,* 749 So.2d 123, 127 (Miss. 1999). A reversal is warranted only if the trial court abused its discretion in denying a motion for new trial. *Id.* However, on appeal, Netherland's argument challenges the sufficiency of the evidence, not the weight of the evidence.

¶18. Netherland did move for a directed verdict at the close of the State's case-in-chief. The trial court denied that motion.

¶19. Netherland contends that he filed peremptory jury instruction, D-1, which was refused by the trial court. The refused jury instruction, D-1, stated: "The Court instructs the Jury to return a verdict of not guilty."

¶20. Stevens received serious injuries as a result of the attack. He testified that he suffered two broken ribs, a broken shoulder, a broken hip and internal bleeding. As a result of the broken hip, he had to use a wheelchair. The hip and the shoulder required surgery. Chamblee and King testified that Netherland was involved in the attack on Stevens. Chamblee, King and the victim, Stevens, all testified that Netherland took an active part in the attack. The attack resulted from Stevens informing the guards that Chamblee, King and Netherland were using drugs in the detention center. Stevens positively identified Netherland and stated that Netherland had subsequently apologized for the attack. The State's witnesses could not positively say Netherland kicked Stevens rather than just hit him. Netherland did not testify, and the defense did not call any witnesses. However, Officer Wilcher testified that in the statement taken from Netherland on March 24, 2004, Netherland added the following language to the written statement: "[a]ll three of us were kicking and hitting William then." The written statement was admitted into evidence.

¶21. Given this proof, we reject Netherland's claim that the State failed to prove the elements of the crime charged.

## CONCLUSION

¶22. For the foregoing reasons, we affirm the judgment of the Circuit Court of Leake County.

¶23. **CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHT (8) YEARS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE IN SAID CAUSE SHALL RUN CONSECUTIVELY TO THE SENTENCE APPELLANT IS CURRENTLY SERVING.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**